UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK ANTHONY BOYKIN, | Case No.: 2:09-cv-002373-RLH-GWF |
| Plaintiff, | Case No.: 2:10-cv-000737-RLH-GWF |
| vs. | **O R D E R** |
| CITY OF NORTH LAS VEGAS, and JOSEPH CHRONISTER in his personal and official capacity; and JAMES RANDOLPH SALYER, | (Motion to Dismiss–#38) |
| Defendants. | |

Before the Court is Defendants City of North Las Vegas, Joseph Chronister, and James Randolph Salyer's **Motion to Dismiss** (#38, filed Jan. 13, 2011) the First Amended Complaint based on a failure to state a claim. The Court has also considered Plaintiff Mark Anthony Boykin's Opposition (#48, filed Apr. 15, 2011), and Defendants' Reply (#52, filed May 2, 2011).

## BACKGROUND

This dispute arises out of Boykin's allegedly wrongful firing from the North Las Vegas Police Department. Boykin was hired by the North Las Vegas Police Department ("Police Dept.") in February 2007. He was then assigned to work with Field Training Officer Mario Perez

1

AO 72
(Rev. 8/82)

as a trainee. Boykin alleges that Perez treated African Americans differently than people of other races (specifically, checking African Americans for outstanding warrants) and commented on this observation to other trainees. Boykin alleges that after Salyer, who was in charge of training, learned of Boykin's concerns he simply suspended Boykin and convened a "Non-confirmation Board" to terminate him for dishonesty rather than investigating the situation. The Police Dept. fired Boykin in October 2007.

Boykin filed a complaint with the Eighth Judicial District Court for the State of Nevada on October 14, 2009, against the City of North Las Vegas and Joseph Forti in his official capacity. In his complaint Boykin alleged a First Amendment claim under 42 U.S.C. § 1983 and a separate claim under § 1981. The Court then consolidated this case with Boykin's separate Title VII case against North Las Vegas. Boykin then moved to amend his complaint on September 23, 2010, which the Court granted on December 8. Boykin's amended complaint dropped Forti as a Defendant, added Chronister and Salyer as Defendants as to all claims, and added a Fourteenth Amendment due process claim against all parties.

Now before the Court is Defendants' motion to dismiss. Defendants request the Court dismiss all claims against Chronister and Salyer (the First and Fourteenth Amendment-based § 1983 claims and the § 1981 claim) and the Fourteenth Amendment and § 1981 claims against the North Las Vegas. They do not request dismissal of Boykin's First Amendment-based § 1983 claim against the city. For the reasons discussed below, the Court grants Defendants' motion in part and denies it in part.

**DISCUSSION**

**I.     Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require

detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

However, the "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached'" to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 2002) (superseded by statute on other grounds) (quoting *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994)). Also, "on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *Mack v. South Bay Beer Distribs., Inc*., 798 F.2d 1279, 1282 (9th Cir. 1986). Therefore, the Court may look to the collective bargaining agreement

between North Las Vegas and the North Las Vegas Police Officer's Association ("CBA") (Dkt. #48, Ex. 1) and at the Nevada Local Government Employee-Management Relations Board decision ("Board Decision") (*Id.*, Ex. 2) relating to this matter.

**II.    Analysis**

   **A.    Section 1981 Claim**

Boykin's § 1981 claim fails.  In their motion, Defendants seek dismissal of Boykin's § 1981 and § 1983 claims.  In his response to the motion, Boykin addressed his § 1983 claim but failed to defend the propriety of his § 1981 claim.  The failure to oppose an issue constitutes consent to the Court granting the motion to dismiss as to that issue.  Accordingly, the Court dismisses Boykin's § 1981 claim for failure to oppose.  However, additionally, the Court has reviewed the issue, finds merit in the motion as to the § 1981 claim, and would dismiss regardless of the failure to oppose because Boykin's alleged activity is not protected under § 1981.

   **B.    Section 1983 Fourteenth Amendment Claim**

      **1.    Statute of Limitations**

Boykin's claims against Chronister and Salyer are barred by the statute of limitations.  Nevada's two-year statute of limitations period for personal injuries applies to this § 1983 claim.  *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  Boykin contends that his claims are not barred because the statute of limitations does not begin to run until he knew or should have known of Chronister and Salyer's involvement and that this issue is a fact question for a jury.  *Oak Grove Investors v. Bell*, 668 P.2d 1075 (Nev. 1983) ("When the plaintiff knew or in the exercise of proper diligence should have known of the facts constituting the elements of his cause of action is a question of fact for the trier of fact.")  Here, Boykin simply argues that he did not know of Salyer or Chronister's involvement until Salyer testified at the Nevada Local Government Employee-Management Relations Board hearing in June of 2010.  However, Boykins presents no reason why he could not have found out this information in the two and a half years between when he was fired and the hearing or explain why (or if) he did not search for this

4

1  information. *See Alires v. Crowther*, 279 Fed. Appx. 499, 500 (9th Cir. 2008) (determining that
2  plaintiffs must act with reasonable diligence to ascertain the identities of defendants). Further,
3  Boykins does not explain the three month delay between the hearing and moving to amend the
4  complaint to add Chronister and Salyer as defendants. *See id*. (stating that plaintiffs could have
5  identified defendants prior to official discovery through informal discovery or "other means.")
6  Accordingly, Boykin's claims against Chronister and Salyer are barred by the statute of
7  limitations.

**2.   Qualified Immunity**

9  The doctrine of qualified immunity protects government officials from liability for
10 civil damages to the extent their conduct does not violate clearly established statutory or
11 constitutional rights of which a reasonable person would have known at the time of the conduct.
12 *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). This immunity is granted broadly and "provides
13 ample protection to all but the plainly incompetent or those who knowingly violate the law."
14 *Moran v. Washington*, 147 F.3d 839, 844 (9th Cir 1998) (quoting *Malley v. Briggs*, 475 U.S. 335,
15 341 (1986)) "The protection of qualified immunity applies regardless of whether the government
16 official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law
17 and fact." *Pearson*, 55 U.S. at 231 (internal quotation omitted). The determination of whether an
18 official is protected by qualified immunity should take place "'at the earliest possible stage in
19 litigation.'" *Id.* (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). Courts considering
20 whether an official is shielded by qualified immunity consider two questions: first, whether the
21 facts alleged show the officer's conduct violated a constitutional right, and second, whether the
22 right was clearly established. *Id*. at 232.

23 Even if Boykin's due process claim against Chronsiter and Salyer was not time-
24 barred, they would be protected by qualified immunity. Citing *Cleveland Board of Education v.*
25 *Loudermill*, 470 U.S. 532, 545-46 (1985), Boykin argues that a Fourteenth Amendment right to a
26 pre and post-termination hearing from government employment is clearly established. This may

be true as a general matter, however, where an employee is at-will or in a probationary status, they do not have a property interest in their continued employment and therefore do not have a Fourteenth Amendment due process claim. *See Board of Regents v. Roth*, 408 U.S. 564, 578 (1972).

Here, the North Las Vegas Municipal Code 2.68.290 clearly states that "Police officers ... shall serve eighteen (18) months probation as a new hire" and "[d]uring the probationary period, probationary employees may be separated at will for any reason not violative of state or federal law and shall not have any entitlement to continued employment." (*See also* Dkt. 48, Resp. to Mot., Ex. 2, State of Nevada Local Government Employee-Management Relations Board Order at 6–7 (holding that Boykin was a probationary employee under the municipal code).) As a probationary employee, Boykin did not have a property interest in his employment necessitating due process for termination. *See Bishop v. Wood*, 426 U.S. 341, 344-46, 348 (1976) (holding that the existence of a property interest in employment is determined by state law). Boykin argues, however, that the Board's decision was wrong on this point because of a past practice of not putting new employees on probationary status. Boykin is appealing the Board's decision in state court. Regardless of the outcome of this appeal, it was at least not clearly established that Boykin had a Fourteenth Amendment property right in his continued employment because of the municipal code provision apparently making him a probationary employee, terminable for any reason. Thus, Chronister and Salyer are entitled to qualified immunity even if it turns out they were mistaken as to the law.

**C.     Summary**

In sum, the Court dismisses Boykin's § 1981 claim against North Las Vegas, Chronsiter, and Salyer because Boykin failed to oppose the Defendants' argument. The Court further dismisses Boykin's § 1983 claims against Chronsiter and Salyer as barred by the statute of limitations and, as to the Fourteenth Amendment claim, because they are entitled to qualified immunity. The Court, however, does not dismiss the Fourteenth Amendment claim as pled against

North Las Vegas. The Court finds that the North Las Vegas Municipal Code states that Boykin is a probationary employee and the Board found that he was a probationary employee. Nonetheless, the issue is on appeal and the Court hesitates to make a decision that could conflict with the state court decision. Therefore, the Court declines to dismiss the Fourteenth Amendment claim against North Las Vegas, but if the Board decision is upheld, the Court will be open to reconsidering this denial upon a motion from North Las Vegas. Finally, North Las Vegas does not seek dismissal of the First Amendment claim pled against it and the Court does not address that claim.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#38) is GRANTED in part and DENIED in part as described in the Summary section of this Order.

Dated: August 30, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**